Chief Judge Desmond (dissenting).
We see no ambiguity in chapter 322 of the Laws of 1922, pursuant to which the 1924 Greenburgh ordinance was enacted. If there were ambiguity, the construction chosen by the majority would have to be rejected because of the standard rules that require that an ambiguous statute must not be so construed as to make it unconstitutional (People v. Barber, 289 N. Y. 378, 385) and must not be so read as to produce an absurdity (Curtis v. Leavitt, 15 N. Y. 9). The meaning being given by the majority to this 1922 law would produce an inequality amounting to unconstitutionality in that under such a reading the town authorities in applying the zoning ordinance could choose or reject for zoning any property in the town. The absurdity or unreasonableness would be that to make the application town-wide there would first have to be personal service of notice on the true owner of every land parcel in the township.
*422 To our eyes there is no ambiguity at all. The clearly intended, reasonable and constitutional meaning of chapter 322 is the one stated and explained in the unanimous Appellate Division decision in these words which we adopt: ‘ ‘ When subdivision 18 of section 142-a of the Town Law was added by chapter 322 of the Laws of 1922, such subdivision became subject to the omnibus provision contained in the last paragraph of the then existing section 142-a, as enacted by chapter 218 of the Laws of 1919. In such omnibus provision the Legislature had directed that all ordinances authorized by any of the subdivisions of said section 142-a ‘ shall take effect ten days after ’ publication and posting. Therefore, as against the parcels here involved, the 1924 zoning ordinance became effective regardless of the absence of proof of personal service. Such personal service, as permitted by subdivision 18 of then section 142-a, was optional with the town. Advantage could be taken of that method of procedure if, as against any particular person or persons, the town wanted to make an ordinance effective prior to the time provided in the said omnibus provision of the then section 142-a of the Town Law.” (14 A D 2d 587, 588.)
The judgment should be affirmed.
Judges Van Voorhis, Burke and Foster concur with Judge Froessel; Chief Judge Desmond dissents in an opinion in which Judges Dye and Fuld concur.
Judgment reversed and complaint dismissed, with costs in this court and in the Appellate Division.